Reese, J.
delivered the opinion of the court.
If in a Court of Chancery, there is jurisdiction to grant'the relief prayed for, it is not insisted in argument, that the facts proved upon the record do not entitle the complainant to that relief. The relations between the parties are these, to wit: The defendant claims, in his action at law, to recover from the complainant upon the ground that he had been compelled to pay money as the surety of the complainant, while, *302 in this court, the complainant alledges and proves that in the transactiions referred to, although bound to others as a party to the instrument, jointly executed by him and defendant, yet, as between themselves, defendant was not only primarily, but exclusively liable; and he seeks, upon this ground, to restrain by injunction, the defendant’s action at law. The question presented is, therefore, one originally, of equitable cognizance;' in modern times, the jurisdiction is concurrent between a Court of Chancery and a Court of Law. The defendant does not demur upon the ground that the complainant could have made his defence available at law; he does not insist upon this point in his answer; he in no way questions the jurisdiction of the court. He fully answers: proofs are taken, and the cause regularly brought to a hearing.
In a cause of such a character, so fit for equitable cognizance, the court should not at the hearing, mero motu turn the complainant round upon the objection, that he might have defended himself at law.
The defendant having submitted himself to the equitable jurisdiction, the exercise of that jurisdiction, on the part of the Court, would have been altogether proper. Such is the principle decided in the case of Marsh vs. Haywood, 6 Hump. R. 212. Upon the principle of that case, the jurisdiction to grant relief in the present case, is free from all doubt and difficulty. We have not deemed it necessary, therefore, to enquire, whether upon the ground of fraud, of the discovery obtained, or other ground, the jurisdiction could be maintained. We think it, however, very probable that it would. His Honor, the Chancellor, took a different view of the case. His decree therefore, must be reversed; and this court will decree to the complainant a perpetual injunction and his costs at law and ip equity.